**TINKOFF v. UNITED STATES.**
No. 10745.

United States Court of Appeals,
Seventh Circuit.

March 9, 1954.

Paysoff Tinkoff, Chicago, Ill., in pro. per.

Irwin N. Cohen, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., Otto Kerner, Jr., U. S. Atty., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

Paysoff Tinkoff, the plaintiff, a lawyer and public accountant, in 1934 was convicted in the United States District Court for the Northern District of Illinois of the crime of income tax evasion. On appeal, his conviction was affirmed by this court. Tinkoff v. United States, 7 Cir., 86 F.2d 868. As a result of such conviction Tinkoff served a term in prison, was disbarred by the Supreme Court of Illinois and his license as a public accountant was terminated. During the intervening years he has instituted innumerable court proceedings in one form and another, on the premise that he was innocent of the crime with which he was charged and that his conviction was wrongfully obtained.

The present action was commenced against the United States on December 31, 1951, by a complaint under the

See also 7 Cir., 129 F.2d 21.

Federal Tort Claims Act (Title 28 U.S. C.A. §§ 1346(b) and 2674) seeking recovery of damages in the sum of one million dollars for alleged injury to plaintiff's person. On defendant's motion, the court dismissed the complaint for failure to state a cause of action. From such order of dismissal plaintiff appeals.

The complaint covers forty typewritten pages and contains eighty-eight paragraphs. We think there is no occasion to relate the allegations in detail. It is sufficient for our purpose to state that plaintiff's conviction in 1934, according to the allegations, was obtained as a result of a conspiracy entered into between many government officials, including prosecuting officials, both in the office of the District Attorney for the Northern District of Illinois and in the Department of Justice, Federal agents, investigators and a person by the name of Newman, who was jointly indicted with plaintiff. The substance of the allegations is that these officials and agents of the government and others, with knowledge of the innocence of Tinkoff, conspired and agreed among themselves to obtain his conviction with perjured testimony, knowing it to be such, and that his conviction was a result thereof. Many details are recited in the complaint, designed to demonstrate not only that the government officials and others had knowledge of his innocence but that they had in their possession documentary proof which would have exonerated him. The complaint alleged that the conspiracy thus stated was continuing and that it still persists. Such is the situation, so it was alleged, because the conspirators have through the years refused to make available to Tinkoff the documents and other evidence possessed by the government which would have enabled him to establish his innocence and to demonstrate that his conviction resulted from the alleged conspiracy. It was alleged that "written information" of the claimed conspiracy first came into the possession of Tinkoff in November, 1951.

There are numerous reasons, in our judgment, which support the order dismissing the complaint. Section 2674, Title 28 U.S.C.A., upon which the suit is predicated, provides: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *." Section 2401(b) of the same Title provides: "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

Undoubtedly plaintiff attempts to present a tort claim and, under the plain language of the statute, it is barred unless commenced within two years after its accrual. We see no escape from the conclusion that his alleged cause of action accrued at the time of his alleged wrongful conviction. Plaintiff attempts to escape this limitation bar on the theory alleged in his complaint that the conspiracy continued and that the limitation period did not commence to run until he came into the possession of proof by which it could be established. He does not assert that he has not long had knowledge of the alleged conspiracy by which his conviction was wrongfully obtained but only that he has heretofore been unable to obtain the proof. That he has long had knowledge of the alleged wrong is abundantly disclosed by numerous proceedings which plaintiff has brought to this court. We need refer only to Tinkoff v. United States, 7 Cir., 129 F.2d 21, decided July 7, 1942. A reading of the facts disclosed in that opinion reveals that Tinkoff made precisely the same contention as he now makes, that is, that he was convicted on perjured testimony introduced as the result of a conspiracy between government officials and his co-defendant.

Plaintiff relies upon Exploration Co., Limited v. United States, 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200, in which the United States brought suit to cancel land patents charged to have been pro-

cured by fraud. The suit was brought more than six years after the grant of the patents, and defendant relied upon a limitation statute which provided that such suits could only be brought within "six years after the date of the issuance of such patent." The court decided that the limitation statute was no defense because the patents had been procured by fraud and that a cause of action did not accrue until discovery of the fraud. Here, plaintiff has long had knowledge of the alleged wrong or fraud which he claims was perpetrated upon him but it is only recently, according to his assertion, that he has been able to obtain proof in support thereof. This distinction alone renders the case relied upon inapplicable to the instant situation.

Closely related to the point just discussed is the fact that a district court has been endowed with jurisdiction to entertain only claims "accruing on and after January 1, 1945." Title 28 U.S. C.A. § 1346(b). The application of this provision again depends upon the time when plaintiff's alleged claim for damages accrued. If plaintiff's alleged claim accrued prior to January 1, 1945, as we think and hold, the district court was without jurisdiction to entertain it and the complaint was properly dismissed for that reason.

Furthermore, both Section 1346 (b), by which a district court is authorized to entertain jurisdiction of tort claims under the circumstances therein enumerated, and Section 2674, which defines the conditions under which the United States shall be liable, are by Section 2680 made inapplicable to claims enumerated in numerous categories, including (h), "Any claim arising out of * * * false imprisonment, false arrest, malicious prosecution * * *." While plaintiff does not label his action as one for false imprisonment or malicious prosecution, we think it is clearly encompassed within such terms. In other words, the government has expressly reserved its traditional immunity from claims of this nature.

In view of what we have said, we need not state or discuss other reasons relied upon by the government in support of its contention that the complaint was properly dismissed.

Plaintiff, in an attempt to comply with Section 144, Title 28 U.S.C.A., filed an affidavit of bias or prejudice of the judge by whom the motion to dismiss was heard and now asserts that the judge committed error in his refusal to assign another judge to hear and decide the motion. Clearly the affidavit filed by plaintiff was not sufficient under the decision of this court in Tucker v. Kerner, 7 Cir., 186 F.2d 79. Plaintiff's request for transfer was properly denied.

The order appealed from is

Affirmed.