Charles R. WARREN, Plaintiff-Appellant,

v.

Cecil C. McCALL, etc., et al.,
Defendants-Appellees.

No. 81–1509.

United States Court of Appeals,
Seventh Circuit.

Submitted May 16, 1983.*

Decided June 10, 1983.

Charles R. Warren, Attica, N.Y., Thomas Battistoni, Chicago, Ill., for plaintiff-appellant.

Richard H. Lloyd, James R. Burgess, Jr., Asst. U.S. Atty., East St. Louis, Ill., for defendants-appellees.

Before BAUER, ESCHBACH and COFFEY, Circuit Judges.

ESCHBACH, Circuit Judge.

Plaintiff-appellant prisoner brought this civil rights suit in the Southern District of Illinois alleging a variety of constitutional violations in connection with his 1977 and 1978 reparole proceedings. Specifically, he asserted that the application of parole guidelines promulgated in 1976 to an offender originally sentenced in 1969 is a violation of the Ex Post Facto Clause; he also complained of due process violations in the reparole proceedings, and alleged that the Parole Commission failed to follow its internal rules. He now appeals from the district court decision granting the defendants' motion for summary judgment. Since that decision was rendered, the Court of Appeals for the D.C. Circuit has affirmed the dismissal of a habeas petition in which appellant raised essentially the same claims about his reparole proceedings. *Warren v. U.S. Parole Commission,* 659 F.2d 183 (D.C. Cir.1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982). Defendants now argue that the present appeal is barred as res judicata. We agree, and dismiss the appeal.

I.

This tale of two cases begins in 1969 when appellant pled guilty to a charge of armed bank robbery and was sentenced to a term of twenty years.[1] In April of 1976, he

---

* On August 16, 1982, this court entered an order vacating the oral argument assignment of September 23, 1982, and tentatively deciding that oral argument would not be necessary. We now submit the case for decision on the briefs and record alone. *See* Fed.R.App.P. 34(a); Circuit Rule 14(f).

1. In 1967 Mr. Warren was paroled after serving two years of a 0–20 year Washington State robbery sentence.

was released on parole. New U.S. Parole Guidelines were promulgated in May of that year. In March of 1977, a parole violator warrant was issued charging appellant with armed robbery, shoplifting, failure to report the arrest for shoplifting, and leaving the district. In June of 1977, Mr. Warren had a parole revocation hearing at which he was represented by counsel. Parole was revoked and Mr. Warren was continued to review in August of 1978. Following that hearing, and upon consideration of the intervening New York conviction for armed robbery, the Parole Commission ultimately decided upon reparole to the New York detaining authorities on December 4, 1980, or parole to the community on May 7, 1982 should the detainer be withdrawn.[2]

On June 8, 1979, appellant, serving his federal time at USP Marion, filed this civil rights action, pursuant to 28 U.S.C. §§ 1331 and 1361, in the Southern District of Illinois against the Chairman, the Vice Chairman, and the Regional Director of the United States Parole Commission, and the Warden at Marion,[3] seeking both damages and injunctive relief. (Appellant agrees that the request for injunctive relief is now moot.) On September 18, 1979, Mr. Warren filed a habeas petition, 28 U.S.C. § 2241, in district court for the District of Columbia, naming the Parole Commission as respondent, and raising the same ex post facto and due process claims. On February 20, 1981, the Illinois district court granted summary judgment for the government, and on February 23, 1981, the D.C. district court denied the habeas petition.[4] The D.C. Circuit affirmed on July 1, 1981, and denied rehearing on August 7, 1981; the Supreme Court

denied certiorari on February 22, 1982. Meanwhile, the timely appeal of the Illinois district court decision proceeded with the aid of appointed counsel. On March 17, 1982 the government filed its appellee brief asserting that the whole claim was res judicata. Appointed counsel thereupon asked leave to withdraw, and on April 28, 1982 we provisionally denied that motion. Appellant subsequently filed a pro se reply brief, and the case was set for oral argument on September 23, 1982. Following appointed counsel's renewal of his motion to withdraw, we granted the motion and removed the case from the oral argument calendar. The case now reaches us for decision on the briefs and record alone.

II.

The doctrines of res judicata and collateral estoppel[5] "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* (citations omitted).

Although defendants-appellees in this case assert that the claim is res judicata, it would appear that technically both res judi-

---

2. Mr. Warren has in fact been turned over to New York custody and is now in Attica.

3. Although these individual defendants are apparently sued in their official capacities, the prayer for relief seeks damages from each "in personal and official capacity."

4. Although the Illinois disposition preceded the D.C. decision, a decision in another case is not res judicata as to a habeas proceeding. See 18 Wright, Miller & Cooper Federal Practice and

Procedure, § 4405 at 39 (1981); *Hardwick v. Doolittle,* 558 F.2d 292, 295 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). In any case, the outcome in the two proceedings was identical.

5. The Restatement of Judgments (Second) refers to res judicata as "claim preclusion" and collateral estoppel as "issue preclusion." See § 17, Effects of Former Adjudication—General Rules (1982).

cata and collateral estoppel are involved.[6] In terms of the parties, we have not only a final prior judgment in a suit between the same parties (Mr. Warren and the Parole Commission), but new parties (the Warden at Marion and the various Parole Commission officials) as defendants in the civil rights suit. In terms of the claim, the issues asserted in the two cases are identical; there is no suggestion that Mr. Warren is barred from asserting any claim that he failed to raise earlier, so the broader reach of res judicata is not at issue.

The choice of labels is of no practical significance here. We must in either case determine whether the same cause of action, and the same parties (or others entitled to use collateral estoppel) were involved, and whether the prior action resulted in a final judgment on the merits. See *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir.1982); *Church of the New Song v. Establishment of Religion on Taxpayers' Money in the Federal Bureau of Prisons*, 620 F.2d 648, 652 (7th Cir.1980), *cert. denied*, 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1981).

■ We noted in *Church of the New Song* that there are no hard and fast rules for determining when the same cause of action is involved, but that one important consideration is whether the wrong for which remedy is sought is the same and thus whether the same evidence would sustain both judgments. 620 F.2d at 652. In this case, no detailed inquiry is necessary. Both actions arose out of the same reparole proceedings, and the habeas petition and the civil rights complaint are almost indistinguishable. The factual allegations are identical, as are the asserted grounds for relief—the Ex Post Facto and Due Process Clauses. It is of no moment that one case seeks a writ of habeas corpus and the other damages as well as injunctive relief. In *Harper Plastics, Inc. v. Amoco Chemical Corp.*, 657 F.2d 939, 945 (7th Cir.1981), we rejected plaintiff's attempt to bring two suits when "the only significant variations lie in the jurisdictional allegations and the form of relief sought in each . . . ." We specifically rejected the proposition that "whenever several theories of relief can conceivably apply to a single instance of wrongdoing, it follows of necessity that several causes of action arise out of that wrongdoing." *Id.* We thus conclude that it is indeed the same cause of action that Mr. Warren seeks to relitigate.

■ The variation in the parties to the two suits presents only a slight complication, and one that may be disposed of on several different grounds. A similar problem was presented to us in *Church of the New Song*; defendants in the two suits were prison chaplains in Texas and Illinois respectively. There we concluded that there was privity for purposes of res judicata because all the chaplains were employees of the U.S. Bureau of Prisons. *Church of the New Song, supra*, at 654. We were guided there by *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03, 60 S.Ct. 907, 916–17, 84 L.Ed. 1263 (1940) ("There is privity between officers of the same government so that a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government."). Here the individual Parole Commission officers are employees of the same governmental agency that was the respondent in the habeas proceeding. The Warden is also a United States government employee, and privity for res judicata can be asserted on that ground. If the problem is approached in terms of collateral estoppel, we do not need to reach the privity issue. After the demise of mutuality, see *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), collateral estoppel may be used offensively by one who was not a party to a prior suit against the party who lost on the decided issue in the first case. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Alternatively, we

---

**6.** Many courts and commentators use "res judicata" to refer generically to both claim and issue preclusion. See *Allen v. McCurry, supra*, n. 5 at 94, 101 S.Ct. n. 5 at 415.

could simply ignore the presence of the Warden as it adds nothing to the case (and he could well have been dismissed as a defendant). Mr. Warren remained in federal custody only because of the decision of the United States Parole Commission, and any injunctive relief which this court might have granted prior to mootness would have taken the form of a judgment against the Commission. The Warden had nothing to do with the reparole proceedings, and there is no allegation of any other wrongdoing, so no award of damages against the Warden would have been appropriate at any point.

Finally, we think there is no question but that the D.C. Circuit decided all issues on the merits. The case reached the Court of Appeals on appeal from a summary dismissal of the habeas petition as "frivolous" under 28 U.S.C. § 1915(d). The court found that the due process claims were properly disposed of, but disagreed with the district court's assessment of the frivolousness of the ex post facto claim, and went on to issue a very lengthy opinion affirming the dismissal of this claim on the merits.[7]

We thus conclude that the present claim has already been litigated in a case involving the same parties, and that a final judgment on the merits has been rendered by a court of competent jurisdiction. That judgment is entitled to res judicata effect and therefore precludes further consideration of the merits of this appeal. The appeal is DISMISSED.

---

**7.** It is, of course, true that res judicata and collateral estoppel bar a new claim only when the litigant had a "full and fair" opportunity to litigate the matter in the prior case. See *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 1987, 72 L.Ed.2d 262 (1982); *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (both collateral estoppel cases); *Lee v. City of Peoria,* 685 F.2d 196, 201 (7th Cir.1982) (res judicata). Although no hearing was held in the D.C. district court, Mr. Warren cannot complain that he was denied a full and fair opportunity to litigate. No particular procedure is prescribed by the "full and fair" formulation. There were no disputed issues of fact in the case, and the Court of Appeals, aided by appointed counsel and oral argument, was a proper court to decide the only (legal) issues in the case. Summary affirmance (of the due process claims) also does not make the proceedings other than "full and fair." If the disposition of an issue is immediately apparent, there is no reason to prolong matters.