Frederick A. MATTHEWS, Plaintiff,

v.

UNITED STATES of America and its Small Business Administration, their agents, employes, successors in office, assistants and all others acting in concert or cooperation with them or at their direction; Robert C. Miller, Curtis Charter, Anthony McMahon, Anne Knauff, each individually and in their official capacity; James Deshazer, individually and in his capacity as owner/operator of Midwest Knitting Mills in the City of Milwaukee, Defendants.

Civ. A. No. 91–C–538.

United States District Court,
E.D. Wisconsin.

Oct. 8, 1992.

Frederick A. Matthews, pro se.

Richard F. Yanisch, Denny & Yanisch, for defendants DeShazer & Midwest Knitting Mills.

Mel S. Johnson, Asst. U.S. Atty., for defendants SBA, USA, Charter, Miller, McMahon & Knauff.

## AMENDED DECISION AND ORDER

REYNOLDS, Senior District Judge.

Defendants the United States of America, Small Business Administration, Robert Miller, Curtis Charter, Anthony McMahon and Ann Knauff moved on November 12, 1991, to dismiss this action on various grounds. Defendant James Deshazer joined in this motion on February 12, 1992.

For the reasons stated below, the motion is granted.

## PROCEDURAL BACKGROUND

On May 23, 1991, pro se plaintiff Frederick Matthews, formerly an employee at the Milwaukee office of the Small Business Administration ("SBA"), filed the instant complaint alleging that his due process rights were denied when he was fired from the SBA without being afforded a prior hearing. Matthews, an African-American, also alleges that he was fired because of his race. Further, Matthews alleged that the defendants conspired to terminate him and to entrap him in conduct which led to a federal criminal indictment.

Matthews' lawsuit is based in part on 42 U.S.C. § 1983 and in part on the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Plaintiff alleges that this court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1346.

## FACTS

In October 1984, defendants notified Matthews that they planned to terminate him because they thought his job performance was unsatisfactory.[1] He was fired on May 24, 1985. On June 3, 1985, he filed

an administrative complaint charging racial discrimination in connection with his firing. The Equal Employment Opportunity Commission denied his claim on February 18, 1988.

On March 25, 1988, Matthews filed a complaint in this federal district (Civil Action No. 88–C–323) appealing the EEOC decision. The complaint named the SBA and James Abnor, its administrator, as defendants. After a bench trial, Judge Terence T. Evans found that Matthews had not been discriminated against, and this decision was affirmed on appeal. *Matthews v. Abnor*, No. 88–C–323 (E.D.Wis. Mar. 29, 1990), *aff'd*, 941 F.2d 1212 (7th Cir.1991).

On May 7, 1985, two weeks before Matthews' termination, a federal grand jury indicted him under 18 U.S.C. § 201(g) for accepting a gratuity in exchange for an official act. Specifically, Matthews was said to have used his position with the SBA to demand personal loans from a participant in an SBA program in exchange for assistance under the program. *Mathews v. United States*, 485 U.S. 58, 60, 108 S.Ct. 883, 885, 99 L.Ed.2d 54 (1988). Matthews was arrested after the Federal Bureau of Investigation arranged with James Deshazer, an SBA program participant and a defendant in the instant case, to offer Matthews the loan money he had requested. *Id.* at 61, 108 S.Ct. at 885.

Matthews was convicted on August 19, 1985, but the Supreme Court reversed the conviction, holding that the district court should not have denied Matthews' request for an entrapment instruction. *Id.* at 66, 108 S.Ct. at 888. The instruction had been denied solely on the ground that he refused to admit all elements of the bribery charge. *Id.* at 60, 108 S.Ct. at 885. On remand, Judge Thomas J. Curran found that Matthews had offered sufficient evidence to warrant an entrapment instruction, and, therefore, the conviction was vacated. *United States v. Matthews*, No. 85–CR–63

---

**1.** Although the complaint does not specify which defendants did what, the court construes plaintiff's race discrimination and due process claims as applying to all defendants except Deshazer, who is not an SBA official.

(E.D.Wis. Oct. 6, 1988). The United States Attorney's Office chose not to seek a new trial. (Pl.'s Br. at Ex. 2.)

Plaintiff says his administrative claim against the SBA, alleging a conspiracy to terminate him and to entrap him, was filed on May 21, 1987. (Pl.'s Br. at Ex. 2.) Defendants submit a form indicating the claim was filed on July 22, 1987. (Def.'s Br. at Ex. 8.) The SBA apparently has not responded to Matthews' administrative claim. (Pl.'s Br. at 1.)

## ANALYSIS

### I. Preclusion of Certain Claims

#### A. Race Discrimination

■ Defendants assert that principles of res judicata bar plaintiff from once again claiming that defendants fired him because of his race. The court agrees.[2]

■ Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes a party to that action from relitigating the same claim. *Warren v. McCall*, 709 F.2d 1183, 1184 (7th Cir.1983). There is no doubt that Judge Evans' decision in Matthews' previous civil case was final and on the merits. Nor is there any doubt that the instant race discrimination claim is based on the same factual allegations made in the earlier case.

Most of the defendants in this case are nominally different than the defendants in the earlier case, but that does not mean the cases do not involve the "same claim." For purposes of res judicata, there is "privity" between representatives of the same government. *Warren*, 709 F.2d at 1185 (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–3, 60 S.Ct. 907, 916–17, 84 L.Ed. 1263 (1940)). Thus, a party cannot bring a claim against one United States representative, lose, and then bring the same claim against another United States representative.

It appears from the complaint that Robert Miller, Curtis Charter, Anthony McMahon, and Ann Knauff are, as SBA employees, United States officials. Thus, the court finds that plaintiff's instant race discrimination claim against these officials, the United States, and the SBA, is barred by plaintiff's earlier claim against the SBA and its administer, James Abnor.

#### B. Due Process

■ Res judicata bars a party not only from raising the same claim twice, but also from raising in a later case a theory of recovery that it could have raised, but did not raise, in an earlier case. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 375, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940). Although the instant plaintiff did not assert in his previous civil case that he had a right to a pre-termination hearing, nothing prevented him from making that assertion. Thus, the court concludes that he is barred from making it now.[3]

### II. The Entrapment Claim

#### A. Proper Party

■ Defendants assert that because the claim for conspiracy to entrap is presumably brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, plaintiff's remedy is against the United States exclusively, not against the other SBA officials that have been named.

The FTCA gives federal district courts jurisdiction over actions against the United States based on the alleged tortious conduct of federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b). When an action is brought pursuant to this provision, only the United States may be named as a defendant; federal agencies or employees may not be named. 28 U.S.C. §§ 2679(a), (b)(1).

Plaintiff insists that defendants acted within the scope of their employment when

---

**2.** Plaintiff's brief in opposition to the motion to dismiss does not address the res judicata issue.

**3.** Because the due process claim is disposed of on this ground, the court need not address de-

fendants' contention that plaintiff is barred from bringing it because he failed to follow proper administrative procedures.

they conspired to entrap Matthews and that, therefore, jurisdiction lies in this court pursuant to the FTCA. (Pl.'s Br. at 6, 8.) If that is the case, the FTCA's exclusive-remedy provisions require that only the United States be named as a defendant, and that the claims against the individual defendants be dismissed.

Urging the court to permit the joinder of the agency and individual defendants, plaintiff points to the FTCA's provision for certification by the Attorney General that a defendant employee was in fact acting within the scope of employment. Upon such certification, the action against the employee is deemed an FTCA action and the United States is substituted for the federal employee as party defendant. 28 U.S.C. § 2679(d)(1). Plaintiff construes this provision as permitting an FTCA suit against federal officials until the Attorney General's certification is submitted.

■ The court concludes, however, that the provision simply means that when an action is brought against a federal employee pursuant to some other grant of jurisdiction—say, diversity jurisdiction—it may be converted into an FTCA case upon the Attorney General's certification. If the action begins as an FTCA case, no such certification is necessary.

Thus, the plaintiff's conspiracy to entrap claim may be brought, if at all, only against the United States, and this claim is dismissed as against the individual defendants.[4]

### B. Characterization of the Entrapment Claim

■ Defendants contend that plaintiff's "conspiracy to entrap" allegation amounts to a claim for malicious prosecution and therefore cannot be brought under the FTCA. The court agrees.

The FTCA's broad waiver of United States sovereign immunity is subject to various exceptions listed at 28 U.S.C. § 2680. This provision effectively precludes suits against the United States based on "[a]ny claim arising out of ... false imprisonment, false arrest, malicious prosecution, abuse of process, libel" or any of a number of other specified torts. 28 U.S.C. § 2680(h).

The instant complaint uses none of these terms, nor any others, in describing what cause of action was created by the alleged conspiracy to entrap. Plaintiff's silence on this issue, however, does not prevent application of the exclusion provisions of Section 2680. In *Tinkoff v. United States*, 211 F.2d 890 (7th Cir.1954), the court held that an alleged conspiracy on the part of various government officials and a private individual to obtain plaintiff's conviction by perjured testimony amounted to a claim for false imprisonment or malicious prosecution, and, therefore, could not be brought against the United States. The court stated, "while plaintiff does not label his action as one for false imprisonment or malicious prosecution, we think it is clearly encompassed within such terms." *Id.* at 892.

Such terms also encompass Matthews' entrapment claim. A claim for malicious prosecution may arise when a person "procures" a grand jury indictment by providing public officials with information of another's supposed criminal conduct. Restatement (Second) of Torts §§ 653 cmt. d, 654 cmt. c (1977). This is essentially what the defendants are alleged to have done.[5] Indeed, plaintiff has not suggested that defendants' characterization of the entrapment claim is inaccurate, and has not offered an alternative characterization.

Thus, Matthews' claim based on the alleged conspiracy to entrap may not be brought against the United States and will be dismissed.[6]

---

**4.** With dismissal of this claim against the individual defendants, it becomes unnecessary to consider defendants' contention that plaintiff failed to serve defendant Robert Miller as required under Fed.R.Civ.P. 4.

**5.** The court does not decide whether all the elements of a malicious prosecution claim have been adequately set forth.

**6.** Since the FTCA claim will be dismissed on the grounds discussed, the court need not address defendants' position that the claim is barred by the FTCA's statute of limitations.

### III. Sanctions

Defendants state that the defects in plaintiff's complaint discussed above, and others the court has found unnecessary to address, warrant the imposition of sanctions under Fed.R.Civ.P. 11. While the court agrees that certain of these defects should have been apparent, it does not find that they indicate the degree of improper conduct justifying an award of sanctions.

Thus, defendants' motion for sanctions will be denied.

IT IS THEREFORE ORDERED that the November 12, 1991 motion to dismiss filed by defendants the United States of America, Small Business Administration, Robert Miller, Curtis Charter, Anthony McMahon and Ann Knauff, and joined by defendant James Deshazer, is GRANTED, and this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the defendants' November 12, 1991 motion for sanctions is DENIED.