993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth R. CLARKSON, Plaintiff/Appellant,
v.
James E. AIKEN, Dean Neitzke, D. Bruce Jordan, et al.,
Defendants/Appellees.
 No. 92-2674.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided May 10, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Kenneth R. Clarkson, an inmate at the Indiana State Farm prison in Greencastle, Indiana, brought a civil rights action pursuant to 42 U.S.C. § 1983. Clarkson alleged that eight defendants, who are prison officials or medical doctors, violated his Eighth Amendment right to be free of cruel and unusual punishment by refusing to properly treat his severe pain. The district court granted a motion to dismiss as to one of the defendants, and granted motions for summary judgment as to the other seven defendants. We affirm.
 
 I. BACKGROUND
 
 2
 On September 19, 1991, Clarkson filed suit against James Aiken, H. Dean Neitzke, D. Bruce Jordan, Phillip Badger, John T. Nonweiler, William M. Dugan, Gayle E. Dryden, and Gregory C. Kiray. Aiken, Neitzke, Jordan and Badger are employees of the Indiana Department of Correction. Dr. Nonweiler, a medical doctor, is the Medical Director of the Indiana State Farm, and Drs. Dugan, Dryden and Kiray are medical doctors who were designated as "consulting physicians" in Clarkson's complaint. In his complaint, Clarkson alleged that he is suffering from incurable cancer of the prostate and that he began receiving the pain medication Percocet[1] in 1984 after undergoing surgery at Wishard Memorial Hospital ("Wishard"), of the Indiana University Medical Center. Clarkson claims that in 1990, Dr. Nonweiler, in concert with Drs. Dugan, Dryden and Kiray, decided to stop prescribing Percocet to manage his pain, and that from that time on, he has been suffering from severe and persistent pain. Clarkson further alleged that Dr. Nonweiler deliberately canceled at least six of his medical appointments at Wishard in an attempt to make sure that Clarkson did not receive Percocet, and that Dr. Nonweiler attempted at various times to withhold all pain medication from Clarkson. Clarkson claims that because of the pain he is suffering, these actions constitute cruel and unusual punishment under the Eighth Amendment.
 
 
 3
 Clarkson became an inmate of the Indiana Department of Correction in 1984. It is undisputed that Clarkson suffers from many serious medical problems, including coronary artery disease, cancer of the prostate, hypertension, adult-onset diabetes, degenerative joint disease, peptic ulcers and mental depression. He suffered a heart attack in 1983 and underwent a triple bypass operation at that time. He was diagnosed with prostate cancer in early 1984, and was operated on approximately six months later. Since that time, the record reveals that his condition has been closely monitored for recurrence of cancer and heart disease. He began receiving Percocet in 1984, after his surgery.
 
 
 4
 In September, 1990, at the direction of Dr. Dugan, Clarkson underwent extensive medical tests at the Putnam County Hospital to determine whether his lower back pain was due to the spread of prostate cancer. All of the tests indicated that Clarkson did not have metastatic cancer. Dr. Dugan nevertheless indicated that eventual spread of the disease was likely, and that Clarkson should be tested every three months to determine if this was occurring. He also stated that Percocet should no longer be prescribed for the management of Clarkson's pain. Clarkson was also examined at Wishard by Dr. Dryden, who indicated that Clarkson's pain was due to degenerative arthritis. In 1991, Dr. Kiray, who is with the Indiana University School of Medicine, reviewed all of Clarkson's medical records and concluded that there was no objective medical evidence that would call into question the decision to discontinue administering Percocet to Clarkson.[2]
 
 
 5
 This is Clarkson's second civil rights complaint alleging a violation of his Eighth Amendment rights. With the exception of Dr. Kiray, all of the defendants in the present action were also named in Clarkson's first complaint. The first complaint, filed in 1990, was dismissed with prejudice pursuant to 28 U.S.C. § 1915(d) on the ground that it was legally frivolous.[3] Clarkson v. Aiken, et al., No. 90 C 423 (S.D.Ind. May 25, 1990) (final judgment entered) (unpublished order). As noted by the district court, Clarkson's present complaint makes the same claims against Dr. Dryden and Dr. Dugan as did his first complaint, and fails to make any factual allegations against Aiken, Neitzke, Jordan and Badger. Clarkson added two new factual allegations against Dr. Nonweiler, namely, that he had deliberately canceled several of Clarkson's medical appointments that were to take place at Wishard, and that he has on occasion withheld all pain medication from Clarkson. Clarkson also added Dr. Kiray as a defendant. The district court granted Dr. Kiray's motion to dismiss, and granted summary judgment in favor of Aiken, Neitzke, Jordan, Badger, and Dr. Dryden on the ground of res judicata. The court also granted summary judgment in favor of Dr. Nonweiler on substantive grounds, and converted Dr. Dugan's motion to dismiss into one for summary judgment, allowing both parties to submit further evidence. The court revisited the issue of Dr. Dugan's liability when it considered Clarkson's Rule 60(b) motion for relief from judgment. At that time, the district court entered final judgment, thereby dismissing with prejudice the entire action as to all defendants. Clarkson filed a timely appeal,[4] and was granted leave to proceed in forma pauperis.
 
 II. ANALYSIS
 
 6
 The Eighth Amendment prohibits the infliction of cruel and unusual punishment upon those convicted of crimes. When a prison inmate alleges that he has received inadequate medical care, the Eighth Amendment is implicated only if those attending to his condition acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976); see Wilson v. Seiter, 111 S.Ct. 2321, 2323-24, 2326 (1991); Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir.1990) (per curiam ). Evidence of mere negligence or inadvertence in the diagnosis or treatment of a medical condition is not sufficient to state a claim under the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S.Ct. at 291-92; Holmes v. Sheahan, 930 F.2d 1196, 1200 (7th Cir.), cert. denied, 112 S.Ct. 423 (1991). Furthermore, there is no constitutional violation as long as the medical care provided meets "minimal standards of adequacy." Holmes, 930 F.2d at 1199 (quoting Benson v. Cady, 761 F.2d 335, 339 (7th Cir.1985) (internal quotations and citation omitted)). In particular, an inmate does not have the right to choose his treatment, and his disagreement with the treatment options offered does not serve to establish that his medical care was inadequate, or that those treating him acted with deliberate indifference. See Meriwether v. Faulkner, 821 F.2d 408, 413 (7th Cir.), cert. denied, 484 U.S. 935 (1987).
 
 
 7
 A. Dr. Kiray's Motion to Dismiss.
 
 
 8
 A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted). In this case, all that Clarkson has alleged is that Dr. Kiray reviewed his medical records at the request of Dr. Nonweiler without obtaining Clarkson's permission first, and that Dr. Kiray endorsed the opinion of the other consulting physicians that Clarkson no longer needed Percocet. There is nothing in the facts alleged to suggest that Dr. Kiray's review of Clarkson's medical records constituted deliberate indifference to Clarkson's serious medical needs. Moreover, Clarkson's characterization of Dr. Kiray's very limited involvement in his medical treatment as "collusive" does nothing to save his complaint, because Dr. Kiray's prior consultation with Dr. Nonweiler does not evince the culpable mental state necessary to establish an Eighth Amendment violation. The district court's dismissal of Clarkson's claim against Dr. Kiray was therefore entirely proper.
 
 
 9
 B. Summary Judgment with respect to the remaining claims.
 
 
 10
 The district court granted summary judgment in favor of Aiken, Neitzke, Jordan, Badger, Dr. Dryden, and Dr. Dugan on the ground of res judicata, and granted Dr. Nonweiler's motion for summary judgment on substantive grounds. We may affirm summary judgment on any ground that finds support in the record.[5] See Reed v. Amax Coal Co., 971 F.2d 1295, 1298 (7th Cir.1992) (per curiam ); Box v. A & P Tea Co., 772 F.2d 1372, 1376 (7th Cir.1985), cert. denied, 478 U.S. 1010 (1986).
 
 
 11
 Rule 56(c) provides that when a properly supported motion for summary judgment is made, the district court shall grant summary judgment "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). We review the record and all reasonable inferences drawn from it in the light most favorable to the nonmoving party. Duane v. Lane, 959 F.2d 673, 675 (7th Cir.1992). Where the nonmoving party bears the burden of proof on an issue, however, it may not merely rest on its pleadings, but must affirmatively show the existence of a genuine issue for trial. See id.
 
 
 12
 Clarkson has not alleged any facts tending to show that Aiken, Neitzke, Jordan, and Badger were responsible for any of the decisions concerning his medical treatment, or that they failed to act where such failure would amount to deliberate indifference to his serious medical needs. See Kelley, 899 F.2d at 616-17; see also Conner v. Reinhard, 847 F.2d 384, 396-97 (7th Cir.) (plaintiff must establish a causal connection between person he is suing and the deprivation of his constitutional rights), cert. denied, 488 U.S. 856 (1988); Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir.1990) (same), cert. denied, 111 S.Ct. 1622 (1991). We therefore affirm the district court's grant of summary judgment in favor of Aiken, Neitzke, Jordan, and Badger.
 
 
 13
 Clarkson's claims against Dr. Nonweiler are centered upon Clarkson's desire to return to his former physicians at Wishard for further treatment, rather than being obliged to seek treatment at local hospitals,[6] and his disagreement with Dr. Nonweiler concerning the proper treatment of his pain. Neither of these claims rise to the level of a constitutional violation. See Meriwether, 821 F.2d at 413. The medical records submitted by Clarkson show that he has undergone thorough examinations for the recurrence of prostate cancer, and his own pleadings belie his claim that Dr. Nonweiler has deliberately withheld all pain medication. The medical record fails to establish that Dr. Nonweiler's refusal to continue treating Clarkson with Percocet was medically unsound, and thus falls far short of demonstrating a violation of Clarkson's constitutional right to minimally adequate medical treatment. See Estelle, 429 U.S. at 105-06, 97 S.Ct. at 291-92. Moreover, the record does not support Clarkson's bare allegation that Dr. Nonweiler acted with the requisite culpable mental state. See Wilson, 111 S.Ct. at 2324-25, 2326. Entry of summary judgment was thus proper.
 
 
 14
 Clarkson also alleges that Dr. Dryden misdiagnosed his pain as stemming from degenerative arthritis, and that he did so at the direction of Dr. Nonweiler, for the purpose of depriving Clarkson of effective pain medication. Clarkson's medical record contains several diagnostic X-ray reports, conducted at Wishard and dated as early as 1983 and 1985, indicating the presence of degenerative joint disease. This evidence would likely undermine a conclusion that Dr. Dryden was negligent in his diagnosis, and certainly forecloses any claim that Dr. Dryden's actions amounted to a violation of Clarkson's Eighth Amendment rights. See Estelle, 429 U.S. at 105-06, 97 S.Ct. at 291-92. We therefore affirm the district court's entry of summary judgment in Dr. Dryden's favor as well.
 
 
 15
 With respect to his claim against Dr. Dugan, Clarkson challenges both the district court's decision to convert Dr. Dugan's Rule 12(b)(6) motion into one for summary judgment without adequate notice to Clarkson, and its entry of summary judgment in Dr. Dugan's favor. It is well-established that a district court must provide reasonable notice to a litigant of the effect of a defendant's motion for summary judgment, and a reasonable opportunity to submit evidence demonstrating that there is a genuine issue for trial. See Kelley, 899 F.2d at 615 (citations omitted). We believe that the notice provided to Clarkson was minimally adequate,[7] and that in any case Clarkson was aware of the import of the district court's order and was not prejudiced by it. See Timms v. Frank, 953 F.2d 281, 285-86 (7th Cir.) (collecting cases), cert. denied, 112 S.Ct. 2307 (1992). A remand is therefore not warranted. See id.
 
 
 16
 In the case of Dr. Dugan, the medical record before the district court again amply demonstrates that there was no colorable Eighth Amendment violation. Dr. Dugan conducted a thorough medical examination of Clarkson and determined that he was not suffering from metastatic cancer. Rather than showing deliberate indifference, Dr. Dugan's treatment notes appear to show genuine concern for Clarkson's condition, and suggest that close monitoring of his prostate cancer, as well as some additional tests to ascertain the cause of Clarkson's pain, were warranted. The district court acted properly in entering summary judgment in Dr. Dugan's favor.
 
 
 17
 C. Clarkson's motion for stay or relief from judgment.
 
 
 18
 Finally, Clarkson appeals the district court's denial of his motion for stay or relief from judgment. Clarkson alleges that he did not have an adequate opportunity to conduct discovery in support of his claims,[8] and that he is entitled to relief from judgment, presumably under Rule 60(b). We review a district court's denial of a motion for relief from judgment only for an abuse of discretion. Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991). Furthermore, relief from judgment is appropriate "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 161 (7th Cir.1990) (internal quotations and citations omitted). Clarkson has made no such showing. Moreover, in light of the preceding discussion, there is little, if any, danger that the district court's judgment was unjust. Its denial of Clarkson's motion was therefore proper.
 
 CONCLUSION
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 "Percocet" is the trade name for oxycodone hydrochloride, a "narcotic analgesic with multiple actions qualitatively similar to those of morphine." Medical Economics Data, Physicians' Desk Reference 973 (1993). It is used for the relief of moderate to moderately severe pain, may produce drug dependence, and has the potential for being abused. Id
 
 
 [2]
 In particular, Dr. Kiray concluded that there was no evidence whatsoever that Clarkson's cancer had spread
 
 
 [3]
 Clarkson did not appeal the dismissal of this action
 
 
 [4]
 A panel of this Court dismissed for want of jurisdiction an earlier appeal, which Clarkson had filed before the district court entered final judgment in this case. By the same order, the present appeal was allowed to proceed. Clarkson v. Aiken, Neitzke, Jordan, et al., No. 92-2205 (7th Cir. July 28, 1992) (unpublished order)
 
 
 [5]
 Although the district court's res judicata analysis appears to be appropriate in this case, the Supreme Court's recent opinion in Denton v. Hernandez casts some doubt on the preclusive effect to be given to a § 1915(d) dismissal. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992) (because a § 1915(d) dismissal is not a dismissal on the merits, it does not prejudice the filing of a complaint accompanied by a filing fee and making the same allegations) (respondent's claim in this case was found to be factually frivolous, not legally baseless); cf. Warren v. McCall, 709 F.2d 1183, 1186 & n. 7 (7th Cir.1983) (on direct appeal, § 1915(d) dismissal was upheld on the merits, but not on the ground of frivolousness; judgment was then given preclusive effect to bar relitigation of same claim)
 
 
 [6]
 In his appellate brief, Clarkson states that Dr. Nonweiler canceled several of his appointments at Wishard, and that he has not seen Dr. Dugan since September, 1990. He does not allege, however, that he has not received any medical care, or that he has not been referred to local hospitals such as Putnam County Hospital for continuing care
 
 
 [7]
 In its April 23, 1992 order, the district court converted Dr. Dugan's motion to dismiss into a motion for summary judgment, and allowed the parties until May 15, 1992 to submit additional evidentiary material. Clarkson v. Aiken, et al., No. 91 C 1058 (S.D.Ind. April 23, 1992) (unpublished order)
 
 
 [8]
 Prior to consideration of the dispositive motions in this case, the district court ordered Dr. Nonweiler to answer the interrogatories submitted by Clarkson, and granted the remaining defendants' motion for a protective order staying all further discovery. Because the record at the time the court granted the stay was sufficiently developed to permit an informed ruling on the dispositive motions, the court's order was neither prejudicial to Clarkson, nor an abuse of discretion. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 & n. 7 (7th Cir.1990) (collecting cases)