56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Raymond HOMOLA, Plaintiff-Appellant,
v.
Morris MILES, Robert Morris, Nelson Metz, Warren Martin, and
Joe Parente, Defendants-Appellees.
 No. 94-2517.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.[1]
Decided May 18, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Raymond Homola appeals from a district court order entering judgment in favor of defendants in this civil rights case. After plaintiff twice failed to comply with local rules regarding pre-trial conferences, the district court agreed with a magistrate judge that the case could be dismissed for want of prosecution; however the district court instead dismissed the case on the grounds that the complaint failed to state a claim giving rise to a federal claim, and was also at least partially barred by the relevant statute of limitations. For the reasons stated in the attached Memorandum and Order, the judgment of the district court is AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF ILLINOIS
 
 2
 Raymond Homola, Plaintiff,
 
 
 3
 v.
 
 
 4
 Morris Miles, Robert Morris, Nelson Metz, Warren Martin, and
 
 
 5
 Joe Parente, Defendants.
 
 STIEHL, District Judge:
 
 6
 Before the Court is a Report and Recommendation of United States Magistrate Judge Clifford J. Proud that the Court: (1) grant the motion to dismiss filed by defendants Metz and Parente; (2) grant the motion to dismiss filed by defendants Miles and Morris; (3) sua sponte dismiss the claims against defendant Martin; (4) dismiss plaintiff's complaint for want of prosecution; and (5) deny the motions of Morris, Miles, Metz, and Parente requesting Rule 11 sanctions against plaintiff. Plaintiff has filed objections to the report and recommendation; therefore, pursuant to 28 U.S.C. Sec. 636(b)(1), the Court will make a de novo review of the record.
 
 
 7
 Plaintiff, acting pro se, filed this action pursuant to 42 U.S.C. Sec. 1983. The two motions to dismiss before the Court assert that plaintiff's Sec. 1983 claims are barred by the doctrine of res judicata, or claim preclusion, in that final judgment has been entered upon a nearly identical complaint in Homola v. Miles, No. 92-356-WDS (S.D. Ill. March 5, 1993), appeal dismissed, 93-1629 (7th Cir. June 11, 1993). Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). See also Warren v. McCall, 709 F.2d 1183, 1184 (7th Cir. 1983). "Under collateral estoppel [issue preclusion], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen, 449 U.S. at 94. The two doctrines apply only if the first action resulted in a final adjudication on the merits. Warren, 709 F.2d at 1185. A review of the two complaints reveals that the factual allegations and legal assertions of each complaint are substantially similar, and often identical. The complaint currently before the Court adds one new allegation which relates to defendants' attempted garnishment of plaintiff's wages, but it is evident that the alleged garnishment stems from the same transactions and occurrences which were previously litigated.
 
 
 8
 In the previous action, No. 92-356-WDS, the Court entered a Memorandum and Order on November 6, 1992 which dismissed with prejudice plaintiff's battery claim as barred by the applicable statute of limitations, and dismissed plaintiff's civil rights claim because the allegations of malicious prosecution clearly failed to rise to the level of a constitutional violation. See 735 ILCS 5/13-202; Easter House v. Felder, 910 F.2d 1387, 1407 (7th Cir. 1990), cert. denied, 498 U.S. 1067 (1991). Subsequent to the November 6, 1992 Order, plaintiff filed an amended complaint. In a Memorandum and Order dated March 5, 1993, the Court dismissed the amended complaint with prejudice as to further amendments, and withour prejudice to raising the claims in a court of competent jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6). See Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177 (7th Cir. 1989). Pursuant to the March 5 Memorandum and Order, on March 8, 1993, the Clerk of the Court entered judgment against plaintiff and in favor of the five defendants. The judgment decreed that the dismissal was with prejudice as to any further amendments of the pleadings in that action, but that the plaintiff's cause of action was dismissed without prejudice to plaintiff raising his claims in a court of competent jurisdiction. Id.
 
 
 9
 A dismissal without prejudice does not operate as an adjudication upon the merits, and does not have a res judicata effect. Cooter Gell v. Hartmax Corp., 496 U.S. 384, 396 (1990). Therefore, defendants cannot invoke the doctrines of claim or issue preclusion as a result of the prior judgment, because the prior judgment dismissed plaintiff's cause of action "without prejudice to plaintiff raising his claims in a court of competent jurisdiction." This language hints that plaintiff should file his claims in state court. The complaint currently before the Court basically restates the allegations of the complaint in the prior case. The Court dismissed the previous case with prejudice as to further amendments, and the currently pending complaint is a thinly-veiled attempt to bring the previously dismissed complaint before the Court. While the doctrines of claim and issue preclusion do not mandate dismissal of this action, this action must be dismissed for the same reasons articulated in the November 6, 1992 Memorandum and Order, and the March 5, 1993 Memorandum and Order in Case No. 92-356-WDS. Plaintiff's battery claim is barred by the statute of limitations, 735 ILCS 5/13-202, and the allegations of malicious prosecution do not rise to the level of a constitutional violation. Easter House, 910 F.2d at 1407. Once again, the Court also dismisses plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1). Ricketts, 874 F.2d at 1185.
 
 
 10
 Defendants' motions to dismiss argue that plaintiff's complaint must be dismissed due to the res judicata effect of the prior dismissal. The magistrate recommended dismissal on this ground. As noted above, neither claim nor issue preclusion technically applies, so the prior judgment does not require dismissal. However, the reasons justifying dismissal of the previous case equally justify dismissal of the complaint before the Court. Therefore, the Court grants the motions to dismiss filed by defendants Metz and Parente, and Miles and Morris. The Court, sua sponte, dismisses the claims against defendant Martin.
 
 
 11
 The magistrate also recommends that the Court dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 41(a)(2) for failure to prosecute. Plaintiff failed to comply with the properly noticed scheduling and discovery conference. The Court agrees with the magistrate's recommendation. The Court further agrees that defendants' motion for Rule 11 sanctions should be denied.
 
 
 12
 Accordingly, the Court ADOPTS in part and REJECTS in part the recommendation of the magistrate judge. The motions to dismiss filed by defendants Metz and Parente, and Miles and Morris are GRANTED. The Court, sua sponte, DISMISSES the claims against defendant Martin. These dismissal are with prejudice as to plaintiff's battery claims, and as to any further amendments of the pleadings in this action, but plaintiff's cause of action is DISMISSED without prejudice to plaintiff raising his malicious prosecution claims in a court of competent jurisdiction, i.e. state court. The Court DENIES defendants Miles, Morris, Metz and Parente's motion for Rule 11 sanctions. The Clerk of the Court is directed to enter judgment accordingly.
 
 
 13
 IT IS SO ORDERED.
 
 DATED: 31 May 1994
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a statement as to need of oral argument. See Fed. R. App. P. 34(a); Circuit Rule 34(f). After reviewing the statements, the briefs and the record, the court has determined that this case will be submitted on the basis of the briefs and the record