139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Lee GRIFFIN, Petitioner--Appellant,
v.
James GOMEZ, Director; Charles D. Marshall, Warden,
Respondents--Appellees.
 No. 95-16684.
D.C. CV-92-01236-EFL.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jun. 11, 1996.
Decided Feb. 24, 1998.
 
 Appeal from the United States District Court for the Northern District of California Eugene F. Lynch, District Judge, Presiding.
 Before HUG, Chief Judge, SCHROEDER, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Lee Griffin ("Griffin"), who is serving a life sentence for a 1974 assault on another inmate, filed a habeas petition challenging his indefinite confinement in the Segregated Housing Unit ("SHU") at Pelican Bay State Prison. He contends that his indefinite confinement, which is based on his alleged membership in the Aryan Brotherhood prison gang, violates the Due Process Clause and the Eighth Amendment. He also claims that the "debriefing requirement" violates the Due Process Clause, as well as the Fifth and Eighth Amendments. The district court denied his petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm in part and remand for reconsideration in light of intervening authorities.
 
 
 3
 Griffin filed this habeas petition in March 1992. In December 1993, the district court held that Griffin's claims were properly brought in a habeas petition; stayed his Fifth Amendment challenge to the debriefing process pending the completion of the Madrid litigation, Madrid v. Gomez, 889 F.Supp. 1146 (N.D.Cal.1995); held that as a member of the then-pending Madrid class action, Griffin was precluded from challenging on due process grounds the gang-member segregation and debriefing policies; and dismissed his Eighth Amendment claim. The district court allowed Griffin's individual due process claim addressing his personal indeterminate retention in SHU to go forward. In August 1994, the district court granted respondents' motion for summary judgment, concluding that the procedures used for Griffin's placement and detention satisfied due process. The district court also found that "some evidence" supported the decision to segregate and retain Griffin in the SHU.
 
 
 4
 In June 1995, following the completion of the Madrid class action, the district court addressed Griffin's remaining Fifth Amendment claim and granted respondents' supplemental motion for summary judgment. The district court held that the debriefing process did not violate Griffin's Fifth Amendment privilege.
 
 
 5
 I. Section 1983 Complaint v. Habeas Petition
 
 
 6
 Respondents contend that Griffin's habeas petition challenges the conditions rather than the legality or duration of confinement, and thus should have been construed by the district court as a § 1983 civil rights claim. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir.1979) (limiting the scope of habeas petitions to "attacks upon the legality or duration of confinement"). Respondents' argument is foreclosed by Bostic v. Carlson, 884 F.2d 1267 (9th Cir.1989), in which we held that "[h]abeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law." Id. at 1269.[1] Thus, Griffin's claim that he is being subjected to a heightened level of confinement in violation of due process was properly brought as a habeas petition.
 
 II. Res Judicata/Collateral Estoppel
 
 7
 Respondents next argue that even if Griffin's claims were properly brought in a habeas petition, res judicata principles preclude Griffin from litigating any claims addressed in Madrid. Res judicata and collateral estoppel, however, do not apply to habeas proceedings. See, e.g., Clifton v. Attorney General, 997 F.2d 660, 663 n. 3 (9th Cir.1993); Burnside v. White, 760 F.2d 217, 219 (8th Cir.1985) ("While a plaintiff in a § 1983 action may, in a proper case, be bound by a determination on the merits by another court, a decision in another case is not res judicata as to a habeas proceeding.") (quotations and citation omitted); Hardwick v. Doolittle, 558 F.2d 292, 295 (5th Cir.1977) ("[T]he doctrines of res judicata and collateral estoppel are not applicable in habeas proceedings."). In a case with a similar procedural posture, the Seventh Circuit rejected the state's argument that an inmate should be barred by res judicata from bringing a habeas claim that was substantially similar to a claim that inmate brought earlier as a § 1983 action. See Heirens v. Mizell, 729 F.2d 449, 456 (7th Cir.1984). The court disposed of the state's argument by noting that " 'a decision in another case is not res judicata as to a habeas proceeding." ' Id. (quoting Warren v. McCall, 709 F.2d 1183, 1184 n. 4 (7th Cir.1983)). Because the Madrid class action has no preclusive effect in habeas proceedings, we reject respondents' res judicata argument.
 
 
 8
 III. Indefinite Confinement in the SHU and Due Process
 
 
 9
 The threshold question for purposes of Griffin's due process claims is whether Griffin has a state-created liberty interest in remaining free from administrative segregation. At the time Griffin's petition was denied by the district court, it was well established in this circuit that a prisoner has a cognizable liberty interest in remaining free from confinement in the SHU. See, e.g., Cato v. Rushen, 824 F.2d 703, 704 (9th Cir.1987). Nevertheless, because Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), issued after the district court denied Griffin's petition, substantially altered the contours of state-created liberty interests in the prison disciplinary context, we remand for a review of the record in light of Sandin, including consideration of whether the "atypical and significant hardship" standard announced in Sandin extinguishes the previously-recognized liberty interest in remaining free from administrative segregation.
 
 IV. Debriefing and the Fifth Amendment
 
 10
 Petitioner argues that the debriefing requirement violates his Fifth Amendment right against self-incrimination. The state does not contend that Griffin will not be required to divulge information regarding criminal activity, but argues that (1) the Fifth Amendment does not apply to the debriefing process, and (2) even if it does apply, Griffin's rights have not been violated.
 
 
 11
 The standard for evaluating whether an individual has a legitimate Fifth Amendment claim is well established. The Fifth Amendment " 'can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." ' United States v. Bodwell, 66 F.3d 1000, 1001 (9th Cir.1995) (quoting Kastigar v. United States, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972)); see also NLRB v. Trans Ocean Export Packing, Inc., 473 F.2d 612, 617 (9th Cir.1973) (noting that Fifth Amendment does not apply "if, under the circumstances, the witness may not reasonably apprehend that the disclosures he is called upon to make could be used against him in a criminal prosecution or could lead to other evidence that might be so used"). Because Griffin does not satisfy this standard, we reject his Fifth Amendment claim.
 
 
 12
 Griffin does not have a reasonable belief that disclosures made during debriefing could be used against him in a criminal proceeding .[2] It is uncontroverted in the record that "[a]n inmate who debriefs need not necessarily provide information about his criminal activities, if any. It is sufficient for purposes of testing his sincerity if he provides information about the identities and criminal activities of other inmates affiliated with the prison gang ." Moreover, nothing in the record indicates that information gained from debriefing has ever been used in any criminal proceeding. Cf. Baxter, 425 U.S. at 317 ("The state has not ... sought to make evidentiary use of his silence at the disciplinary hearing in any criminal proceeding."). Rather, the information is used to verify an inmate's abandonment of a prison gang. In sum, while indefinite SHU confinement undoubtedly places immense pressure on gang-validated inmates to debrief, nothing in the record establishes that Griffin has a reasonable belief that the information gained during debriefing could be used against him in a future criminal proceeding. We therefore reject petitioner's Fifth Amendment claim and uphold the district court's decision on this issue.
 
 
 13
 V. Indefinite Confinement in the SHU Pending Debriefing and the Eighth Amendment
 
 
 14
 Griffin contends that his indeterminate segregation in the SHU, coupled with the debriefing requirement, which Griffin argues requires him to "jeopardize his personal safety and the safety of his family" in order to gain release from the SHU, constitutes cruel and unusual punishment in violation of the Eighth Amendment. We remand Griffin's Eighth Amendment claims for reconsideration in light of Madrid, 889 F.Supp. at 1146, issued after the district court denied his petition. The Madrid class action addressed in detail the factual and legal issues raised in Griffin's Eighth Amendment claim,[3] and its effect on the analysis of the record in this case should be determined in the first instance by the district court.
 
 VI. Griffin's Other Claims
 
 15
 On remand, the district court, in the course of integrating Sandin and Madrid into its decision, may, but is not required to, review again its determinations with respect to the other issues raised by Griffin. When the district court's review is complete, it should include all of its determinations in a final appealable order.
 
 
 16
 AFFIRMED IN PART AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In support of this proposition, Bostic cited McCollum v. Miller, 695 F.2d 1044, 1046 (7th Cir.1982), which held that "habeas corpus can be used to get from a more to a less restrictive custody," in that case from disciplinary confinement in a "Control Unit" to confinement with the general prison population. Although the McCollum holding was refined somewhat in Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991) (holding that McCollum rule applies whenever prisoner seeks "a quantum change in the level of custody"), the notion that habeas is the appropriate form of relief for a prisoner seeking a change in custody level has been expressly reaffirmed by the Seventh Circuit. See, e.g., Graham, 922 F.2d at 381 (noting that one example of a "quantum change in the level of custody" is release to the general prison population from solitary confinement); Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir.1983) (citing McCollum for proposition that "habeas corpus is the proper remedy for getting from a more to a less restrictive custody.")
 
 
 [2]
 The state argues that two cases, Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), and Taylor v. Best, 746 F.2d 220 (4th Cir.1984), dispose of Griffin's Fifth Amendment claim. We agree with petitioner that both are distinguishable. While each indicates that the Fifth Amendment has a relatively limited reach when inmates are questioned for prison administrative purposes, neither controls whether Griffin has a reasonable belief that information gained during debriefing will be used in a future criminal proceeding
 
 
 [3]
 Griffin was a member of the Madrid class, which included "all prisoners who are, or will be, incarcerated by the State of California Department of Corrections at Pelican Bay State Prison." Madrid, 889 F.Supp. at 1155